# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

YVONNE TRAHAN                          §
     PLAINTIFF.                     §
                                    §
vs.                                    §     CIVIL ACTION NO._____
                                    §
STATE FARM LLOYDS                      §
     DEFENDANT,                     §

## INDEX OF STATE COURT FILE

| | | |
|---|---|---|
| 1. | Plaintiff's Original Petition | 09/27/19 |
| 2. | Notice of Service of Process for Defendant | 10/03/19 |
| 3. | State Farm Lloyds' Original Answer | 10/25/19 |

Citation by Mailing

# THE STATE OF TEXAS

No. A-0204623

### YVONNE TRAHAN
### VS. STATE FARM LLOYDS

## CITATION BY MAILING

## 58 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **STATE FARM LLOYDS**
   **BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**

by serving at:
**211 E 7TH STREET**
**SUITE 620**
**AUSTIN, TX   78701 3218**

**DEFENDANT:**

NOTICE:

   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 27th day of September, 2019.  It bears cause number A-0204623 and is styled:

Plaintiff:

   **YVONNE TRAHAN**

VS.

   **STATE FARM LLOYDS**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

   **SCOTT, DANNY R JR, Atty.**
   **2019 WICHITA STREET**
   **HOUSTON, TX   77004 0**
The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 30th day of September, 2019.

   JAMIE SMITH, DISTRICT CLERK
   JEFFERSON COUNTY, TEXAS

BY *Valencia Simpson* , Deputy

Valencia

## RETURN OF SERVICE

A-0204623                58 th JUDICIAL DISTRICT COURT

YVONNE TRAHAN

STATE FARM LLOYDS

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
STATE FARM LLOYDS
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET
SUITE 620
AUSTIN, TX 78701 3218

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/27/2019 5:06 PM
JAMIE SMITH
DISTRICT CLERK
A-204623

CAUSE NO. A-204623

| | | |
|---|---|---|
| YVONNE TRAHAN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 58th JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, Yvonne Trahan, files this original petition against defendant, State Farm Lloyds (hereinafter referred to as "State Farm"), and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### B. RELIEF

2.     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.  TEX. R. CIV. P. 47(c)(4).

### C. PARTIES

3.     Plaintiff, Yvonne Trahan, is an individual, a resident of Jefferson County, and a citizen of the State of Texas.

4.     Defendant, State Farm Lloyds, is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by

serving its Registered Agent, Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### D. JURISDICTION

5.     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

6.     Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. CONDITIONS PRECEDENT

7.     All conditions precedent to recovery have been performed, waived, or have occurred.  Pursuant to TEXAS INSURANCE CODE § 542A.003(d)(1), if the claimant has a reasonable basis for believing that there is insufficient time to give the required presuit notice before the limitations period will expire, then a presuit notice is impracticable and therefore not required. Claimant believes that claimant has insufficient time to give the statutorily required presuit notice before the applicable limitations period expires and therefore has filed suit prior to the expiration of sixty (60) days from State Farm's receipt of the presuit notice.

### G. FACTS

8.     Plaintiff is the owner of a homeowner insurance policy, policy number 53-K1-5140-5, issued by the defendant (hereinafter referred to as the "policy").

9.     Plaintiff owns the insured property that is specifically located at 2625 15th Street, Port Arthur, Texas 77640 (hereinafter referred to as the "property").

10.    Defendant or its agent sold the policy, insuring the property, to plaintiff.

11.    On or about August 31, 2017, plaintiff's property sustained windstorm damage. Plaintiff's roof sustained extensive damage during the storm including damage to the shingles, roof jack, drip edge, and other structural parts of the roof. Plaintiff's property also sustained exterior damage to the sheathing, and satellite system.  After the storm, plaintiff filed a claim with her insurance company, State Farm Lloyds, for the damages to her home caused by the storm.

12.    Plaintiff submitted a claim to State Farm against the policy for damage caused to the property as a result of the wind.  Plaintiff asked State Farm to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.  State Farm assigned claim number 5300Q895R to plaintiff's claim.

13.    On or about September 7, 2017, Brittani Aghayere (hereinafter referred to as "Aghayere"), on behalf of State Farm, inspected the property in question.  The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal.

14.    Aghayere's unreasonable investigation of the claim included a failure to comply with State Farm's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under State Farm's policies and procedures. Aghayere performed an unreasonable investigation by failing to document all damage to the roof. Aghayere did not conduct a thorough roof inspection and did not allow for the cost to

repair the roof. Because of Aghayere's unreasonable and brief investigation, plaintiff was wrongly denied the full cost to replace the roof.

15.    Aghayere's unreasonable investigation of the claim included a failure to comply with State Farm's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under State Farm's policies and procedures. Aghayere performed an unreasonable investigation by failing to document all damage to the roof. Aghayere did not conduct a thorough roof inspection and did not allow for the cost to repair the roof. Because of Aghayere's unreasonable and brief investigation, plaintiff was wrongly denied the full cost to replace the roof.

16.    The storm also caused extensive damage to the exterior of the property. Specifically, it caused damage to the fascia, windows, and digital satellite system. Aghayere did not conduct a thorough exterior inspection and did not allow the cost to repair the exterior. As a result of Aghayere's unreasonable exterior investigation, plaintiff was wrongly denied the full cost to repair all of the damage to the exterior of her property.

17.    Aghayere failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in State Farm denying plaintiff's claim and later denying at least a portion of the claim, even though the policy provided coverage for losses such as those suffered by plaintiff.

18.    Aghayere conducted an unreasonable investigation, wrote an estimate, and prematurely closed the file. At the time of the investigation of plaintiff's claim, State Farm would routinely allow claim handlers to close the file at the time of the inspection. State Farm would routinely allow claims handlers to close claims without conducting a reasonable

investigation.   At the time of the investigation of plaintiff's claim, premature closing of insured's claim was part of a pattern and practice of claim handling by State Farm.

19.   State Farm approved of the poor investigation by Aghayere.   State Farm failed to properly train and supervise Aghayere.   Furthermore, State Farm underpaid plaintiff's claim by not providing full coverage for the damages to plaintiff's home sustained by a covered event under the policy, as well as under-scoping the damages during its investigation.

20.   State Farm failed to properly adjust the claim and defendants have denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by plaintiff. Furthermore, State Farm underpaid portions of plaintiff's claims by not providing full coverage for the damages sustained by plaintiff, as well as under-scoping the damages during its investigation.

21.   To date, State Farm continues to delay in the payment for the damages to the property. As such, the insureds' claim(s) still remain unpaid and the insureds still have not been able to properly repair the property.

22.   State Farm employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of State Farm's promise to pay.  State Farm's claims system consists of, in part, the following:

a.   Claims adjusting policies and procedures;

b.   Claims handling procedures and materials and claim files to track customer claims;

c.   Claim files containing documentation relating to:

(1)   the investigation of Insured's claim;

    (2)    the evaluation of coverage, liability and damages;

    (3)    negotiation or alternative dispute resolution (ADR) to achieve settlement; and

    (4)    litigation management.

d.    Claims underwriting procedures, files and reports that relate to:

    (1)    the condition of the risk at the time of underwriting and during the investigation of the claim;

    (2)    information provided by State Farm's claims representatives to underwriting department about the condition of the risk;

    (3)    information related to State Farm's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

    (4)    loss control measures instituted by State Farm's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

    (5)    on-site inspections conducted by State Farm's loss control personnel to provide underwriters with a thorough assessment of the risk.

e.    Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

f.    State Farm's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

23.    State Farm failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling Insureds' claim.

24.   In addition, State Farm failed to properly assess the condition of the risk during the underwriting process and during the policy period and State Farm failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss.  State Farm's improper underwriting actions negatively impacted the amount of funds available for a fair payment of Insureds' claim and provided State Farm with a motive to underpay and/or wrongly deny Insureds' claim.

25.   State Farm failed to properly qualify, train and supervise its employees and agents to whom State Farm entrusted the handling of various portions of Insureds' claim.  The identity of these agents and employees include, but are not limited to Brittani Aghayere and Michael Wyatt.

26.   State Farm, its agents and employees failed to follow procedures and properly execute their duties as promulgated in State Farm's system of administering and handling Insureds' claim.  State Farm's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in State Farm's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law.  These violations resulted in State Farm's denial to Insureds of the full protection and benefits of these laws and the policy benefits to which Insureds were entitled.

### H. COUNT 1 - BAD FAITH

27.   Plaintiff is an insured under an insurance contract issued by State Farm, which gave rise to a duty of good faith and fair dealing.

28.   Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

29.   Following its initial inspection conducted on September 7, 2017, State Farm possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim.   In addition, following its initial inspection, State Farm failed to provide coverage for all of the covered damage, including the damage that Aghayere discovered during his second inspection and the damage that plaintiff's inspector discovered during his inspection.   Although State Farm designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, State Farm failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

30.   In addition, State Farm thereafter refused to cover plaintiff's claim for statutory interest and attorney fees, although State Farm knew or should have known its liability under the policy was reasonably clear.

31.   Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

    a.   mental anguish damages; and

    b.   loss of policy benefits.

32.   <u>Exemplary damages.</u>   Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## I. COUNT 2 - BREACH OF CONTRACT

33.   In addition to other counts, State Farm breached its contract with plaintiff.

34.   Plaintiff and defendant executed a valid and enforceable insurance contract.  The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

35.   Plaintiff fully performed plaintiff's contractual obligations.

36.   State Farm breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  State Farm failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

37.   Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

38.   <u>Attorney Fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's' claim to State Farm.  State Farm did not tender the amount owed within 30 days of when the claim was presented.

## J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

39.   Defendant State Farm failed to explain to plaintiff the reasons for State Farm's offer of an inadequate settlement.  State Farm failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

40.    State Farm failed to affirm or deny coverage of plaintiff's claim within a reasonable time.  Specifically, plaintiff did not receive timely indication of acceptance or rejection of the full and entire claim in writing from State Farm.

41.    State Farm refused to fully compensate plaintiff under the terms of the policy, even though State Farm failed to conduct a reasonable investigation.  State Farm performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

42.    State Farm failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

43.    State Farm failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  In addition, State Farm failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

44.    Defendant's acts or practices violated:

a.    Texas Insurance Code chapter 541, subchapter B.

(1)    Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue.  TEX. INS. CODE §541.060(a)(1).

(2)    Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear.  TEX. INS. CODE §541.060(a)(2)(A).

(3)     Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4)     Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5)     Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6)     Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7)     Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b.     Texas Deceptive Trade Practices Act §17.46(b).

(1)     Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c.     Texas Insurance Code Chapter 541.151.

45.   Defendants' acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a.     actual damages; and

b.     insurance policy proceeds.

46.   Plaintiff seeks damages within the jurisdictional limits of this Court.

47.   <u>Additional damages.</u>  Defendants acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

48.   <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

49.   Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

50.   Defendant State Farm is a corporation.

51.   Plaintiff suffered a loss covered by the policy and gave proper notice to State Farm of plaintiff's claim.

52.   State Farm is liable for the claim and had a duty to pay the claim in a timely manner.

53.   State Farm did not issue a payment to plaintiff.

54.   Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

   a.   acknowledging the claim;

   b.   investigating the claim;

   c.   requesting information about the claim;

   d.   paying the claim after wrongfully rejecting it; and

   e.   paying the claim after accepting it.

55.   State Farm's breach of duty caused injury to plaintiff, which resulted in the following damages:

   a.   mental anguish damages;

   b.   policy proceeds;

   c.   prejudgment interest

56.   <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

57.   <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## L. JURY DEMAND

58.   Plaintiff respectfully requests a trial by jury.

## M. CONDITIONS PRECEDENT

59.   All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## N. REQUEST FOR DISCLOSURE

60.   Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## O. PRAYER

61.   For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

a.   Actual damages.

b.   Statutory damages.

c.   Consequential damages.

d.   Prejudgment and postjudgment interest.

e.   Court costs.

f.   Attorney fees.

g.   All other relief to which plaintiff is entitled.

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740


*/s/Danny Ray Scott*
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiff*



JAMIE SMITH
DISTRICT CLERK'S OFFICE
1085 PEARL ST RM 203
BEAUMONT, TX 77701-3545

9214 8901 0661 5400 0143 0013 42

**RETURN RECEIPT (ELECTRONIC)**

STATE FARM LLOYDS
BY SERVING ITS REGISTERED AGENT CORPORATION
SERVICE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX  78701-3218**

CUT / FOLD HERE

Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

CERTIFIED MAIL

U.S. POSTAGE ⏵ PITNEY BOWES

ZIP 77701 $ 006.55⁰
02 1W
0001389146 SEP. 30. 2019.

10-3



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20487568**
**Date Processed: 10/03/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Yvonne Trahan vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Jefferson County District Court, TX |
| **Case/Reference No:** | A-204623 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/03/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Danny Ray Scott<br>713-941-9309 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**10/25/2019 3:11 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**A-204623**

Cause No. A-204,623

| | | |
|---|---|---|
| Yvonne Trahan | § | In the District Court |
| Plaintiff, | § | |
| | § | |
| V. | § | 58th Judicial District |
| | § | |
| State Farm Lloyds, | § | |
| Defendant | § | Jefferson County, Texas |

## Defendant's Original Answer

**State Farm Lloyds** ("Defendant"), files this Original Answer and respectfully shows the Court as follows:

## I.
## General Denial

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in her Original Petition by a preponderance of the evidence.

## II.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant moves and prays the Court that upon trial hereof, Plaintiff recover nothing and that Defendant go hence with costs and for such other and further relief as it may show itself entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
560 South Fourth Street
Silsbee, Texas 77656
Telephone: (409) 386-0386
Facsimile: (409) 386-0900


By  S. Donean Surratt
    David J. Fisher
    Texas Bar No. 07049525
    E-mail:  djf@obt.com
    Donean Surratt
    Texas Bar No. 01720400
    E-mail:  sds@obt.com

**Attorneys for Defendant,**
**State Farm Lloyds**


## Certificate of Service

I hereby certify that on this 25th day of October, 2019, a copy of the foregoing document has been served via efile.txcourts.gov on:

Danny Ray Scott
SCOTT LAW OFFICES, P.C.
P. O. Box 53358
Houston, Texas 77052

                S. Donean Surratt
                S. Donean Surratt